Roger L. Grandgenett II, Esq.
Nevada Bar No. 6323
Amy L. Thompson, Esq.
Nevada Bar No. 11907
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, Nevada  89169.5937
Telephone:    702.862.8800
Fax No.:       702.862.8811
rgrandgenett@littler.com
athompson@littler.com

Attorneys for Defendants
DOLLAR TREE STORES, INC., FAMILY DOLLAR
SERVICES, LLC; FAMILY DOLLAR, INC.; and
FAMILY DOLLAR, LLC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DENISE TOLLEY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC.; FAMILY DOLLAR SERVICES, LLC; FAMILY DOLLAR, INC.; FAMILY DOLLAR, LLC; DOES 1 through 50; inclusive,<br><br>Defendants. | Case No.   2:24-cv-922<br><br>(State Court Case No. A-23-869440-C)<br><br>**DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** |

**TO THE CLERK FOR THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:**

PLEASE TAKE NOTICE that Defendants DOLLAR TREE STORES, INC.; FAMILY DOLLAR SERVICES, LLC; FAMILY DOLLAR, INC.; AND FAMILY DOLLAR, LLC[1] ("Defendants") hereby remove the above-entitled action from the Eighth Judicial District Court in and for the County of Clark, State of Nevada to the United States District Court for the District of Nevada. This removal is based on the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d),

---

[1] Family Dollar, LLC is formerly known as Family Dollar, Inc.

LITTLER
MENDELSON, P.C.
3960 Howard Hughes
Parkway
Suite 300
Las Vegas, NV
89169.5937
702.862.8800

1441(b), and 1446 and is timely. A true and correct copy of the Notice to State Court of Removal of Action to Federal Court is attached and incorporated herein as **Exhibit A**.

In support of this Notice of Removal, Defendants state to the Court as follows:

1. On April 24, 2023, an action was commenced in the Eighth Judicial District Court of Clark County, Case No. A-23-869440-C, entitled *DENISE TOLLEY, on behalf of herself and all others similarly situated vs. DOLLAR TREE STORES, INC.; FAMILY DOLLAR SERVICES, LLC; FAMILY DOLLAR, INC.; FAMILY DOLLAR, LLC; Does 1 through 50; inclusive*. A true and correct copy of the original Complaint is attached hereto as **Exhibit B**. All copies of the papers underlying this action in state court are attached as **Exhibit C**.

2. On April 17, 2024, the registered agent of each Defendant was served with a copy of Plaintiff's Complaint and Summons. True and correct copies of the Notice of Service reflecting service upon Defendants is attached hereto as **Exhibit D**. Fewer than (30) days has elapsed between the date Plaintiff first served Defendants with the Complaint. Thus, this Notice of Removal is timely.

3. Plaintiff's Complaint asserts three causes of action on behalf of herself and all other similarly situated employees: (1) Failure to pay overtime in violation of NRS 608.018 and NRS 608.140; and (2) Failure to timely pay all wages due and owing in violation of NRS 608.020-050 and 608.140; and (3) Injunctive Relief. Exhibit B. The Complaint defines two classes: (1) The Nevada Overtime Class, which is defined as "All hourly paid non-exempt persons employed by Defendants in the state of Nevada who earned less than 1 ½ times the applicable minimum wage and who worked over eight (8) hours in a workday at any time within 3 years from April 18, 2023 until judgment"; and (2) The Waiting Time Penalty Class, which is defined as "All Nevada Overtime Class Members who are former employees of Defendants." *Id*. ¶¶ 28-29.

4. Venue is proper in this Court as this is the Court for the district and division embracing the place where the action is pending in state court, in accordance with 28 U.S.C. §§108 and 1441(a).

**I.   This Court Has Jurisdiction Pursuant to CAFA**

5. This Court has jurisdiction over this action pursuant to the CAFA, 28 U.S.C. § 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a) as it meets all four

LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

requirements for CAFA removal: (1) the proposed class contains at least 100 members; (2) Defendant is not the state, a state official or other governmental entity; (3) the total amount in controversy exceeds $5,000,000; and (4) there is diversity between at least one class member and the only named defendant. 28 U.S.C. § 1332(d).

### A.  The Proposed Class Contains At Least 100 Members

6.   From April 24, 2020 to April 26, 2024, Defendant Family Dollar, LLC (or its predecessor Family Dollar, Inc.) has had at least 3,965 hourly non-exempt employees who have been eligible for daily overtime separate from employment. The hourly rate of those employees has been at least $10.65. **Exhibit E**, Declaration of Jeffrey Whitemore, filed concurrently herewith ("Whitemore Decl."), ¶ 5.

### B.  No Defendant Is A State, A State Official, Or Other Governmental Entity

**7.**   Defendants Dollar Tree Stores, Inc. and Family Dollar, Inc. are corporations. Defendants Family Dollar Services, LLC and Family Dollar, LLC are limited liability corporations. No Defendant is a state, state official or other governmental entity. Whitemore Decl., ¶¶ 3-4.

### C.  Minimal Diversity Exists

8.   Plaintiff is an individual who resides in the State of Nevada. *See* Exhibit B ¶ 4. Residence is prima facie evidence of domicile and therefore citizenship. *See Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885-86 (9th Cir. 2013).

9.   Under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C.§ 1332(d)(10); *see Davis v. HSBC Bank Nev., N.A.,* 557 F.3d 1026, 1028 (9th Cir.2009) (holding that LLCs and LPs are unincorporated associations for the purposes of CAFA); *see Abrego v. Dow Chem. Co.,* 443 F.3d 676, 684 (9th Cir. 2006) (stating that CAFA "departs from the rule that frequently destroys diversity jurisdiction, that a limited partnership's or unincorporated association's citizenship for diversity purposes can be determined only by reference to all of the entity's members." (citations and internal quotations omitted)).

10.   Family Dollar, LLC is an unincorporated association organized under the laws of the Commonwealth of Virginia. Whitemore Decl. ¶ 3. As of the filing date of the Complaint, Family

Dollar, LLC's headquarters are also located in Virginia, where its executive and senior management personnel, and primary management operations are based. *Id.*

11.     Defendants designated as DOES 1 through 50 are fictitious defendants, not parties to this action, have not been named or served, and need not consent to removal. For purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C. § 1441(b); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

### D.     The Amount In Controversy Exceeds $5,000,000

12.     CAFA authorizes removal of class actions in which the amount in controversy for all class members exceeds $5,000,000. See 23 U.S.C. § 1332(d). The removal statute requires that a defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The Supreme Court, in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), recognized that "as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." The defendant's "amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id*. at 553.

13.     Defendants deny the validity and merit of the entirety of Plaintiff's alleged claims, the legal theories upon which they are ostensibly based, and the alleged claims for monetary and other relief that flow therefrom. For purposes of removal only, however, and without conceding that Plaintiff or the putative class are entitled to any damages or penalties whatsoever, it is readily apparent that the aggregated claims of the putative class establishes that the amount in controversy well exceeds the jurisdiction minimum of $5,000,000.

14.      In measuring the amount in controversy, "a court must assume the allegations of the complaint are true and that a jury [will] return[] a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). In cases in which the existence of diversity jurisdiction depends on the amount in controversy, the claims of class members shall be aggregated to determine whether the matter in controversy exceeds the jurisdictional minimum. 28 U.S.C. § 1332(d)(6). Defendant is permitted

LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

"to rely on a chain or reasoning that includes assumptions," and such assumptions are reasonable if founded on the allegations of the complaint. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019).

### 1. Alleged "Waiting Time Wages" Damages

15. Plaintiff seeks to recover "waiting time wages" for putative class members who are former employees of Defendants. Complaint ¶ 43. Waiting Time Wages Class Members "demand thirty (30) days of pay as waiting wages under NRS §§ 608.040 and 608.140, and thirty (30) days of pay as waiting wages under NRS §§ 608.050 and 608.140." *Id.* ¶ 45.

16. For purposes of removal only, based on a review of its records, at least 3,965 Nevada hourly non-exempt employees who earned less than 1 ½ times the applicable minimum wage have separated from Defendant Family Dollar, LLC's employment since April 18, 2020. Whitemore Decl., ¶ 5. The average pay rate for those employees is at least $10.64. *Id*. Therefore, while Defendants deny any liability, dispute this matter can be maintained as a class action, dispute Plaintiff's interpretation of Nevada's final paycheck statutes, and dispute Plaintiffs are entitled to any damages including "waiting time wages," the amount in controversy for Plaintiff's waiting time penalties claim based on Plaintiff's allegation that each "Waiting Time Wages Class Member" is entitled to (30) days of pay as waiting wages is at least **$10,125,024**[2] (3,965 employees * 8 hours * 30 days * $10.64 minimum rate of pay = $10,125,024).

### 2. Attorneys' Fees

17. Plaintiff also seeks to recover attorneys' fees. *See* Compl., Prayer for Relief, ¶ 10. It is well-settled that in determining whether a complaint meets the amount in controversy requirement, attorneys' fees are considered. *See Glat G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). The Ninth Circuit has an established benchmark of 25 percent of the amount recoverable for an award of attorneys' fees for class actions. *See Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003).

---

[2] This single claim surpasses CAFA's minimum requirement for federal jurisdiction. However, Plaintiff also brings a claim for unpaid wages and punitive damages, both of which would increase the amount in controversy. *See Coleman v. Assurant, Inc.*, 463 F. Supp. 2d 1164, 1168 (D. Nev. 2006) ("It is well established that punitive damages are part of the amount in controversy in a civil action.").

18. Thus, the Court may consider a 25 percent fee award for purposes of calculating the amount in controversy. This amounts to an additional **$2,531,256** based on the waiting time claim alone.

    3. Total Amount In Controversy

19. In sum, although Defendants strongly dispute that Plaintiff's claims have any merit, the relief sought on the face of the Complaint significantly exceeds the $5,000,000 jurisdictional threshold.

**II.   Conclusion**

WHEREFORE, Defendants pray that the above-referenced action now pending against them in the Eighth Judicial District Court in and for the County of Clark, State of Nevada, be removed therefrom to this Court.

Dated: May 16, 2024                                LITTLER MENDELSON, P.C.

                                                   */s/ Amy L. Thompson, Esq.*
                                                   Roger L. Grandgenett II, Esq.
                                                   Amy L. Thompson, Esq.

                                                   Attorneys for Defendants
                                                   DOLLAR TREE STORES, INC., FAMILY DOLLAR SERVICES, LLC; FAMILY DOLLAR, INC.; and FAMILY DOLLAR, LLC

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 501 W. Broadway, Suite 900, San Diego, CA 92101-3577. On May 16, 2024, I served the within document(s):

**DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**

☒ By **CM/ECF Filing** – Pursuant to FRCP 5(b)(3) and LR 5-1, the above-referenced document was electronically filed and served upon the parties listed below through the Court's Case Management and Electronic Case Filing (CM/ECF) system:

| | |
|---|---|
| Christian Gabroy, Esq.<br>Kaine Messer, Esq.<br>GABROY \| MESSER<br>The District at Green Valley Ranch<br>170 South Green Valley Parkway<br>Suite 280<br>Henderson, Nevada 89012<br>christian@gabroy.com<br>kmesser@gabroy.com | Mark R. Thierman<br>Joshua D. Buck<br>Leah L. Jones<br>THIERMAN BUCK LLP<br>7287 Lakeside Drive<br>Reno, Nevada 89511<br>mark@thiermanbuck.com<br>josh@thiermanbuck.com<br>leah@thiermanbuck.com |

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 16, 2024, at San Diego, CA.

*/s/ Erin J. Melwak*
Erin J. Melwak
Littler Mendelson

4882-4219-5384.3 / 061603-1310

LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800